STEVEN RUOTOLO ET AL. *v.* SALVATORE ESPOSITO
(AC 26072)

Flynn, Bishop and McLachlan, Js.[*]

[*] The listing of judges reflects their seniority status on this court as of the date of oral argument.

Argued January 10—officially released March 21, 2006

*Lori Welch-Rubin,* for the appellant (defendant).

*William F. Gallagher,* with whom, on the brief, was *Hugh D. Hughes,* for the appellees (plaintiffs).

*Opinion*

BISHOP, J. The defendant, Salvatore Esposito, appeals from the judgment of the trial court, rendered

after a trial to the court, in favor of the plaintiffs, Steven Ruotolo and Lisa Gugliotti. The court found that the plaintiffs have a prescriptive easement over the defendant's property and permanently enjoined the defendant from interfering with the plaintiffs' use of the easement. On appeal, the defendant claims that the court improperly (1) determined that the plaintiffs have a prescriptive easement over the defendant's property and (2) expanded the scope of the easement. We affirm the judgment of the trial court.

The court made the following factual findings relevant to our resolution of the defendant's appeal. "The plaintiffs are owners of property known as 312 Cosey Beach Avenue, East Haven, Connecticut, which is bounded on the south by Long Island Sound. The defendant is the owner of property known as 306 Cosey Beach Avenue, which is located contiguous to and on the east side of the plaintiffs' property and is bounded on the south by Long Island Sound. Both properties have been improved by the construction of large homes occupied by the owners.

"The plaintiffs' home has a large raised outdoor deck located on the southerly and easterly sides of the home. The south end of the deck is located above an eight to ten foot seawall consisting of steel pilings and does not provide reasonable access to Long Island Sound. At high tide, the water is approximately four feet deep at the seawall. There is no access to Long Island Sound on the west side of the plaintiffs' home. Located on the east side of the easterly deck and facing east is a three step stairway down to the beach. The parties' property line from the stairway south to Long Island Sound is located at the east side of the plaintiffs' deck or very close thereto. The stairway is six feet wide and encroaches on the defendant's property to a depth of four feet. The plaintiffs use the stairs and a strip of beach eight feet wide running south from the north end

of the stairway as a pathway to gain access to Long Island Sound. The stairway and the area used by the plaintiffs as a pathway to Long Island Sound are located on the defendant's property. . . .

"The area of the defendant's property which is involved in this litigation is an area of beach beginning at a point on the common boundary at the northwest corner of the stairway and running east for a total of eight feet, consisting of four feet along the north edge of the stairway and four feet on the beach, and then south thirty-one feet to the mean high water mark of Long Island Sound, and then west eight feet to the common boundary line, and then north thirty-one feet to the point of beginning. . . .

"[T]he plaintiffs' predecessors in title were Dianna Winnick and her husband, David Spielberg, who purchased the property on March 29, 1984. The outdoor deck and the stairway in question were in the same location at the time of their purchase, as they are at the present time, and they had been in that location since at least 1980. Mrs. Winnick was told by the prior owner that the stairs and pathway south to the water was their right-of-way to the beach, and they used it openly, continuously and visibly during their ownership, believing that it was their right-of-way.

"Mrs. Winnick and her husband sold the property to James Cyrus on August 16, 1993. Mr. Cyrus believed that he was entitled to use, and did use, the steps and the pathway south as access to Long Island Sound on a regular basis. He maintained the steps, but made no structural changes. His use of the steps was visible and continuous, and without interruption under a claim of right.

"The defendant purchased his property on October 14, 1999, and he became aware of the encroachment in December, 1999, when he had the property surveyed.

Mr. Cyrus sold the property to the plaintiffs on December 1, 2000. It was their belief that they were entitled to use the stairs and the pathway south in order to get to Long Island Sound. They were unaware of any problem with respect to the use of the stairs and the pathway on the beach until a conversation with the defendant in 2003, which then led to this litigation."

The plaintiffs brought this action by way of a four count complaint seeking declaratory relief determining the rights of the parties to the stairs and the eight foot pathway, injunctive relief, a prescriptive easement and title by way of adverse possession. In its memorandum of decision filed November 16, 2004, the court found, inter alia, that the plaintiffs have a prescriptive easement over the defendant's property beginning at a point on the common boundary at the northwest corner of the existing stairway and running east for eight feet, and then approximately thirty-one feet to the mean high water mark of Long Island Sound, and then west eight feet to the common boundary, and then north approximately thirty-one feet to the point of beginning.[1] The court issued a permanent injunction enjoining the defendant from interfering with the plaintiffs' access to the area encompassed by the prescriptive easement. This appeal followed.

I

The defendant first claims that the court improperly found that the plaintiffs have a prescriptive easement over his property. In support of his claim, the defendant argues that the use by the plaintiffs' predecessor in title was permissive and that the stairs had not been in place for fifteen years. We are not persuaded.

The court's finding that the plaintiffs possessed a prescriptive easement is a finding of fact. "[Findings of

---

[1] The court found that the plaintiffs failed to prove title to the stairs and pathway by adverse possession. This finding has not been challenged.

fact] that there had been an open, visible, continuous and uninterrupted use for fifteen years under a claim of right, as found by the trial court, are not reviewable unless the subordinate facts on which they are based are legally and logically inconsistent or are insufficient to support the conclusion that they exist." (Internal quotation marks omitted.) *Boccanfuso* v. *Green*, 91 Conn. App. 296, 309, 880 A.2d 889 (2005).

"To establish an easement by prescription in accordance with General Statutes § 47-37, [the party claiming to have acquired it] must prove the necessary elements by a preponderance of the evidence. . . . In applying [§ 47-37, our Supreme Court] repeatedly has explained that [a] party claiming to have acquired an easement by prescription must demonstrate that the use [of the property] has been open, visible, continuous and uninterrupted for fifteen years and made under a claim of right." (Citation omitted; internal quotation marks omitted.) *Stefanoni* v. *Duncan*, 92 Conn. App. 172, 184, 883 A.2d 1271, cert. granted on other grounds, 276 Conn. 934, 890 A.2d 573 (2005).

In the present case, the court found, inter alia, that the plaintiffs had proven, by a fair preponderance of the evidence, that the use of the easement being claimed had been open, visible, continuous and uninterrupted for more than fifteen years and that the use had been made under a claim of right. The court specifically found that the plaintiffs' predecessors in title, Winnick, Spielberg and Cyrus, had used the stairs and the pathway openly, continuously and visibly, under a claim of right, since March, 1984. The defendant claims that the use by the plaintiffs' immediate predecessor in title, Cyrus, was permissive because Cyrus stored a boat on the defendant's property with the permission of Henry Crisculo, the defendant's predecessor in title, and Cyrus attempted to buy the defendant's property. Neither of these facts, however, supports the defendant's con-

tention that Cyrus ever asked for, or received, permission to cross the defendant's property to access the water.

The defendant also contends that the depth of the stairs changed over time and, therefore, there can be no reasonable certainty as to the size or existence of the easement. The defendant contends that the documentary evidence shows a change in the span of the stairs. Because, as the defendant acknowledges, the oral testimony uniformly supports the contention that the stairs have remained the same since 1984, we conclude that the court's finding is adequately supported by the evidence and is not clearly erroneous.

II

The defendant also claims that the court improperly expanded the scope of the easement. We disagree.

"[A] prescriptive right extends only to the portion of the servient estate actually used . . . and is circumscribed by the manner of its use . . . . The boundaries of a prescriptive easement need not be described by metes and bounds if the character of the land makes such precise description impossible." (Citations omitted; internal quotation marks omitted.) *Ventres* v. *Goodspeed Airport, LLC*, 275 Conn. 105, 124, 881 A.2d 937 (2005). "The exact location of a right-of-way presents a question of fact for the trial court . . . such that we will not disturb the court's finding as to the bounds of the way unless it is clearly erroneous." (Citation omitted.) *Boccanfuso* v. *Conner*, 89 Conn. App. 260, 291, 873 A.2d 208, cert. denied, 275 Conn. 905, 882 A.2d 668 (2005).

Here, the defendant claims that the court improperly expanded the scope of the easement to eight feet to accommodate the plaintiffs' use of kayaks, a use that was not continuous for fifteen years. The court's deci-

sion makes no mention of the plaintiffs' use of kayaks as a basis for defining the boundaries of the easement. The record reflects that, for fifteen years, the plaintiffs and their predecessors walked down the stairs, turned right and proceeded toward the water, sometimes carrying boats, sometimes not. On the basis of this evidence, as well as testimony regarding the amount of space the plaintiffs typically used when reaching the bottom of the stairs and turning southerly toward the beach, the court determined that the easement is eight feet wide. Our review of the record convinces us that the court's finding that the easement extends four feet beyond the stairs is not clearly erroneous.

The judgment is affirmed.

In this opinion the other judges concurred.